## Samuel L. Leathe v. Henry Needles.

1. Damages—*Measure of, Fixed by Agreement.*—Where parties to a written agreement fix the measure of the amount to be paid, in case of a failure to perform, it only remains for the court to ascertain what amount that measure gives.

Assumpsit, to recover the proceeds of a sale of stock. Trial in the Circuit Court of St. Clair County; the Hon. Martin W. Schaeffer, Judge, presiding. Judgment for plaintiff by default; appeal by defendant. Heard in this court at the August term, 1898. Reversed and remanded. Opinion filed March 10, 1899.

G. A. Koerner and Victor K. Koerner, attorneys for appellant.

Winkelmann & Baer, attorneys for appellee.

Mr. Justice Worthington delivered the opinion of the court.

This is a suit to recover the proceeds of a sale of nineteen shares of stock in the Belleville City Railway Company and seven shares of stock in the Crown Coal & Tow Company.

Appellant made default in the Circuit Court. The only question is whether the judgment, so far as the amount is concerned, is sustained by the evidence. The verdict was for $2,210, upon which was entered a remittitur of $1,300, and judgment entered for $910.

It is conceded that appellant is entitled to nominal damages.

The claim grows out of the following contract:

" First.—Henry M. Needles is to transfer to S. H. Leathe all of his stock in the Belleville City Railway Company and the Crown Coal & Tow Company save one share in each company.

Second.—The transfer to stand and to be irrevocable for the period of five years from this date.

Third.—The stock transferred is to remain the property

of Henry M. Needles, the control thereof, including the right of sale thereof, and voting thereon, only being transferred.

Fourth.—In case of a sale of said stock or any part thereof by said Leathe, the proceeds of said sale to be paid over by said Leathe to said Needles.

Fifth.—The stock so transferred shall in all things share the fate as the stock of said Leathe, and shall receive the same benefits in every respect pro rata.

HENRY M. NEEDLES.<br>SAMUEL H. LEATHE."

On November 8, 1895, Leathe sold to Judge Elbert H. Gary the properties of both companies, including all the bonds of both companies and 3,197 shares of stock of said railroad company and 1,279 shares of stock of the Crown Coal & Tow Company, for $500,000. This sale includes the Needles stock referred to in the contract above stated. By reference to the terms of that contract it will be seen that the right of sale of Needles' stock was given to Leathe, and in case of sale the proceeds of the sale of said stock was to be paid over by Leathe to Needles. The amount to be paid was to be determined by the amount received by Leathe for it. That is, it was to share the fate of the Leathe stock, and to be paid for at the price at which Leathe disposed of the stock.

The parties having by written agreement thus fixed the measure of the amount to be paid, it only remains to see what amount that measure gives. If Leathe received nothing for the stock that he owned and transferred by the sale, the stock of Needles shares the same fate as the Leathe stock.

Without reciting the testimony in detail, it is sufficient to say that there is no testimony that Leathe received any sum for the stock included in the sale, while there is testimony that it was not considered of any value, and did not count for anything in the purchase price. Judge Gary testified in substance:

"I purchased all the bonds issued by the railroad company, being $500,000 par value, and all the bonds issued or authorized by the Crown Coal & Tow Com-

pany, being $200,000 par value, and paid in the sum of $500,000, with the understanding that there should also be transferred and delivered to me 3,197 full shares of the capital stock of the St. Louis, Belleville & Southern Railway Company, and 1,279 shares of the capital stock of the Crown Coal & Tow Company. I examined very carefully the records of the different companies, for the purpose of ascertaining what bonds had been authorized to be issued, and they represented, as I decided, the full value of the property. But in order to fully control the companies at once, it was also understood and agreed that I should also have all the stock, and I took an assignment of all the bonds and all the stock to myself." * * * "I would not consider the stock of any considerable value, for the reason that the bonds were a first lien, and represented the full value, and more too, of all the property of the companies." * * * "Paid $500,000 for $700,000 par value of bonds. Considered the stock as an incident to the bonds, and the stock could be of no value until the bonds were paid. Would not have given anything for the Needles stock. It had very little if any value."

This is the testimony of the purchaser.

Mr. Chipley, the agent who conducted the sale, says: "It was a good price. The stock was not rated in the sale; it was not considered worth anything. I did not think it was worth anything." Mr. Leathe realized nothing on the sale of his own stock and of Mr. Needles' stock.

Mr. Leathe, the defendant, testified: "I do not consider that I received anything for the stock. The face value of the bonds I sold was greater by $200,000 than the amount received. I received nothing whatever applicable to the payment of the capital stock."

This testimony is not contradicted. The fact, as shown by witnesses for appellee, that some shares of stock had at other times been sold at prices by them stated, is not pertinent. Such prices were not the measure of recovery for the Needles stock. The parties having, by their written contract, agreed that it should pro rate with the Leathe stock when sold, and the evidence showing that the Leathe stock was not rated as of any value in the sale, appellee is not entitled to more than nominal damages.

Judgment reversed and case remanded.